In re the Commitment of Morris F. Clement:
State of Wisconsin, Petitioner-Respondent,
v.
Morris F. Clement, Respondent-Appellant.
No. 02-3319.
Court of Appeals of Wisconsin.
July 27, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1 PER CURIAM.
Morris F. Clement appeals a judgment committing him as a sexually violent offender under WIS. STAT. ch. 980. At trial, three psychologists testified that Clement suffered from a mental disorder that affected his ability to control his behavior. One of the psychologists, Dr. Raymond Wood, testified that his opinion was based in part on a written statement by Clement's probation agent: "[a] statement by Agent Young in which he said he cannot control himself." Clement argues that the State should not have been allowed to use a self-incriminatory statement because Clement did not have the right to remain silent when being questioned by his probation agent.[1] Because we conclude that the error, if any, was harmless, we affirm the judgment.
¶2 The State was required to prove four elements: (1) Clement has been convicted of a sexually violent offense; (2) the petition was filed within ninety days of discharge from a sentence imposed for a sexually violent offense; (3) Clement has a mental disorder, meaning a condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence and causes serious difficulty in controlling behavior; and (4) Clement is dangerous to others because he has a mental disorder which creates a substantial probability that he will engage in future acts of sexual violence. See WIS JICRIMINAL 2502 (2003). The first two elements are conceded. The third element was established by the testimony of all three psychologists, including Wood's use of the challenged statement. Most of the trial was consumed with testimony about the fourth element. One of the State's psychologists agreed with Clement that he was not likely to re-offend because of his age. He was sixty-five years old. Clement also called an expert witness, a statistician, to support his contention that he was unlikely to re-offend because of his age.
¶3 Wood's recitation of the statement to the probation agent did not affect the outcome of the trial beyond a reasonable doubt. See State v. Vanmanivong, 2003 WI 41, ¶35, 261 Wis. 2d 202, 661 N.W.2d 76. The statement was briefly mentioned and is vague as to whether Clement or the probation agent believed Clement could not control himself. More significantly, Wood used the statement to support his diagnosis regarding the third element. Overwhelming evidence supports that diagnosis without utilizing Wood's testimony. The other two expert witnesses both concurred in the diagnosis. Their testimony was unimpeached and uncontradicted. Clement presented no evidence on that question. In addition, Clement's five convictions over a thirty-seven year period for sexual assaults of minors strongly implies inability to control himself. Because the State presented overwhelming evidence on the third element without utilizing Wood's challenged testimony, Clement has not established any prejudice from Wood's use of his statement.
¶4 Clement argues that the State's case could not be characterized as "overwhelming" and the evidence went directly to an element that was "hotly contested." That argument is not supported by the record. The only issue that was hotly contested was the fourth element. Wood's use of the challenged statement related only to the third element.
By the Court.  Judgment affirmed.
NOTES
[1] In the prosecutor's closing argument, he referred to another part of the statement in which Clement said he needed help. The prosecutor's argument was not based on any evidence the jury heard. Clement can claim no trial court error in admitting that part of the statement because it was not admitted into evidence. He cannot challenge the prosecutor's argument because he raised no objection. See State v. Guzmann, 2001 WI App 241, ¶25, 241 Wis. 2d 310, 624 N.W.2d 717.